Filed 12/16/22 Sheridan v. Mid-Century Insurance CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| CHRISTOPHER SHERIDAN, | |
| Plaintiff and Appellant, | C093978 |
| v. | (Super. Ct. No. SCV-0042251) |
| MID-CENTURY INSURANCE COMPANY, | |
| Defendant and Respondent. | |

Mid-Century Insurance Company (Mid-Century) issued a homeowner's insurance policy to Christopher Sheridan. After Sheridan's girlfriend reported a theft from the home, Mid-Century sent a payment to Sheridan that deducted depreciation. More than a year later, Sheridan sued Mid-Century, alleging it breached its obligations under the policy.

The trial court granted summary judgment in favor of Mid-Century, ruling that Sheridan's claims were barred by Sheridan's failure to file suit within one year of the accrual of his claims as required by the policy.

Sheridan now contends the trial court did not properly consider a conflict between two Mid-Century letters, and there was a third possible letter that would also support his

1

position. But because he never asserted those specific arguments in his opposition to the motion for summary judgment, his contentions are forfeited. We will affirm the judgment.

BACKGROUND

In July 2016 Mid-Century issued a homeowner's insurance to Sheridan for his residence in Lincoln, California. In August 2016, Sheridan's girlfriend reported the theft of personal items from the Lincoln residence.

By a letter dated March 13, 2017, Mid-Century enclosed payment for Sheridan's covered August 2016 losses based on replacement cost less any applicable depreciation based on the age and condition of the property. Mid-Century told Sheridan that if he intended to recover withheld depreciation, he had to submit a copy of his invoices or receipts by March 13, 2018.

In a subsequent letter dated March 27, 2017, Mid-Century told Sheridan: "We've completed the adjustment of your loss and we are closing your claim. While we welcome any additional information you may wish to provide, the claim will not be reopened unless we notify you of such in writing." The letter asked Sheridan to "refer to the Section I—Property Conditions part of your policy, which states: [¶] . . . [¶] Suit on or arising out of the SECTION I—PROPERTY COVERAGE of this policy must be brought within one year after inception of the loss or damage."

Later, in a letter dated September 26, 2017, Mid-Century told Sheridan it enclosed two checks for the loss he suffered in August 2016, because the original checks Mid-Century sent to Sheridan had expired. The September 26 letter again stated: "We've completed the adjustment of your loss and we are closing your claim. While we welcome any additional information you may wish to provide, the claim will not be reopened unless we notify you of such in writing."

On December 18, 2018, Sheridan filed a lawsuit against Mid-Century, bringing three causes of action, including breach of contract. Sheridan claimed Mid-Century

2

breached its obligations under the policy by its refusal to pay for the losses Sheridan suffered in August 2016.

Mid-Century filed a motion for summary judgment, arguing Sheridan's causes of action were time barred because they were brought more than one year after Sheridan's insurance claim was closed on March 27, 2017.

In his opposition to the motion, Sheridan acknowledged that the policy contained a limitation requiring a lawsuit to be brought within one year from the inception of the loss and that the one-year limitation is mandatory and enforceable under California law. Nevertheless, he argued such a limitation period is equitably tolled from the time the insured files a timely notice to the time the insurer provides an unequivocal denial of the claim in writing, and Mid-Century did not unequivocally deny Sheridan's claim in either the March 13, 2017 letter or the March 27, 2017 letter, because Mid-Century said the claim would remain open until March 13, 2018.

The trial court granted Mid-Century's motion for summary judgment, ruling that Sheridan's causes of action were time-barred and that the March 13, 2017 letter did not keep the insurance claim open until March 13, 2018.

## DISCUSSION

Sheridan contends the trial court did not properly consider the conflict between the March 27, 2017 letter and the September 26, 2017 letter. He claims those letters demonstrate different dates when Mid-Century unequivocally denied Sheridan's insurance claim and when the limitations period began to run. According to Sheridan, the conflict establishes a triable issue of material fact. In addition, Sheridan argues there is another letter from 2018 that might have language similar to the September 26 letter, and if so, his claim would have remained equitably tolled and his December 2018 action would not have been barred.

Mid-Century counters that Sheridan did not assert his argument regarding the September 26, 2017 letter in the trial court, and the 2018 letter suggested by Sheridan is

3

not in the record. Sheridan acknowledged in his appellant's opening brief that he did not retain the 2018 letter, and he did not file a reply brief.

When an appellate court reviews a judgment of dismissal following a grant of summary judgment, ordinarily the failure to preserve a point below constitutes a waiver of the point, because the parties must call the court's attention to issues they deem relevant. (*Westcon Construction Corp. v. County of Sacramento* (2007) 152 Cal App.4th 183, 194.) " 'It would be manifestly unjust to the opposing parties, unfair to the trial court, and contrary to judicial economy to permit a change of theory on appeal.' " (*Ibid.*)

Sheridan did not mention a conflict between the March 27, 2017 letter and the September 26, 2017 letter in his opposition to the motion for summary judgment, nor did he mention the possible 2018 letter. The arguments are forfeited. (*Westcon Construction Corp. v. County of Sacramento, supra*, 152 Cal.App.4th at p. 196.)

## DISPOSITION

The judgment is affirmed. Mid-Century is awarded its costs on appeal. (California Rules of Court, rule 8.278(a)(1), (2).)


                                       /S/
                                 MAURO, Acting P. J.


We concur:


     /S/
RENNER, J.


     /S/
KRAUSE, J.